# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**BRADLEY JOSEPH BROWN**          **CASE NO. 6:20-CV-01692 SEC P**

**VERSUS**          **JUDGE MICHAEL J. JUNEAU**

**DARRELL VANNOY, ET AL**          **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se petitioner Bradley Joseph Brown, proceeding in forma pauperis, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on December 28, 2020 (rec. doc. 1) and an amended petition, on proper forms, on January 11, 2021 (rec. doc. 3). Petitioner contends that the 27th Judicial District Court's imposition of restitution, and denial of his Motion to Vacate Second Punishment on the grounds of Double Jeopardy, are violative of his constitutional rights. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Petitioner's claim falls outside § 2254 because it relates only to court-ordered restitution, and not to his confinement. *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) (holding monetary fine is not sufficient restraint on liberty to meet "in custody" requirement for § 2255 purposes). He does not argue that his release from state custody will be conditioned upon payment of restitution or

otherwise extended as a result of the restitution order. Thus, Brown is not entitled to federal habeas corpus relief under § 2254.

For the foregoing reasons, **IT IS RECOMMENDED** that the Petitioner for Writ of Habeas Corpus be **DENIED** and that this case be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of March, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

3